IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 12-10-H-CCL |
| Plaintiff, | CV 16-56-H-CCL |
| vs. | ORDER |
| KEVIN MICHAEL SHELDON, | |
| Defendant. | |

Before the Court is a Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 100) and brief in support (Doc. 101) filed by Defendant Kevin Michael Sheldon ("Petitioner"). The Court has considered the Petitioner's Motion and Brief in support thereof, the Court's file, and all the record of this case, and is prepared to rule.

**Factual Background**

In 2012, a grand jury handed down a Superseding Indictment charging Petitioner with Sexual Exploitation of Children (Count 1), in violation of 18 U.S.C. § 2251(a), and Receipt of Child Pornography (Count 2), in violation of 18 U.S.C. 2252A(a)(2). Petitioner's jury trial resulted in a guilty verdict as to both counts. Following Petitioner's trial, he was found in contempt for refusing to stand for the Court and the Jury during the entrance and exiting of the courtroom during the trial. On October 11, 2012, Petitioner was sentenced to a term of imprisonment of 300 months as to Count 1 and 180 months as to Count 2, consecutive, for an aggregate term of 480 months followed by lifetime supervised release. Count 1 carried a mandatory minimum sentence of 300 months, and Count 2 carried a mandatory minimum sentence of 180 months. Petitioner's Offense Level was 42, his Criminal History was V, and his Guideline Range was 360-600 months as to Count 1 and 360-480 months as to Count 2. In 2014, Petitioner's conviction and sentence were affirmed on appeal. *United States v. Sheldon*, 755 F.3d 1047, 2014 WL 1378122 (9th Cir. 2014). The United States

Supreme Court denied certiorari on October 6, 2014. *Sheldon v. United States*, 135 S.Ct. 203, 2014 WL 3387891 (2014). The instant petition was filed on July 5, 2016. (Doc. 100.)

**Section 2255 Standard**

A prisoner is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. However, it is the prisoner's burden to establish his claims, and the prisoner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Section 2255 relief provides an extraordinary remedy, *see United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), and it is the petitioner's duty to prove entitlement to it by a preponderance of the evidence, *see Farrow v. United States*, 580 F.2d 1339, 1355 (9th Cir. 1978).

This motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is met, a hearing is not necessary. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

A section 2255 motion is not appropriately used as a means "to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction." *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965). Claims already addressed on direct appeal are not cognizable by means of section 2255 motions unless cause and prejudice or actual innocence can be shown. *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985).

<u>AEDPA's One-year Statute of Limitations.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations that begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case,

the Judgment of Conviction was filed on October 12, 2012. (Doc. 74.) The Ninth Circuit finalized the direct appeal, affirming Petitioner's conviction and sentence, by issuing its mandate on May 6, 2014. (Doc. 93.) The Supreme Court denied certiorari on October 14, 2014. (Doc. 95.) Almost two years later, the instant section 2255 motion was filed on July 5, 2016. (Doc. 100.)

**Discussion**

Petitioner argues that his conviction is no longer valid under the holding of *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Petitioner states that his crimes of conviction no longer qualify as "crimes of violence" and that his sentence should be vacated and his case remanded for re-sentencing. Petitioner ranges widely over federal statutes and regulations that define crimes of violence, violent felonies, violent prisoners, sexually dangerous persons, sexually violent offenders, sexually violent conduct, risk of force, to conclude that his crime of producing pornographic images of children did not present a serious potential risk of physical injury to the children depicted. (Doc. 101 at 17.)

However, the elements of Petitioner's offenses of conviction do not contain any element requiring proof of risk of force, violent conduct, or risk of physical

5

injury.  The elements of Sexual Exploitation of Children are first, that the victims were under the age of 18 years, second, Petitioner persuaded, induced, enticed, or coerced the victims to take part in sexually explicit conduct, or had the victim assist any other person to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.   Similarly, the elements of Receipt of Child Pornography do not contain any element of use of force or risk of physical injury.

Petitioner asserts that his crime has been categorized as a 'crime of violence' for sentencing purposes, but the Court has reviewed his Presentence Report and cannot find that phrase located in it, nor can the Court find any adjustment to Petitioner's offense level or guideline calculation that references a 'crime of violence.'  Petitioner's Presentence Report did designate him as a "Repeat and Dangerous Sex Offender Against Minors" because his Sexual Exploitation offense is categorized by the Sentencing Guidelines as a qualifying sex crime and he has a prior sex offense conviction.  U.S.S.G. § 4B1.5.  Although it is not always the case that this designation has no effect on a guideline range, in

this case this categorization had no effect upon Petitioner's guideline range. (Doc. 73, ¶ 46.) In Petitioner's case, his offense level (42) was already higher than the applicable offense level as a Repeat and Dangerous Sex Offender (34), and the guideline required that the higher offense level be utilized. U.S.S.G. §4B1.5(a)(1). Perhaps this designation is the source of Petitioner's complaint that "due to being found guilty of a 'crime of violence' [he is] being subjected to harsher conditions of confinement," such as being housed in a maximum security facility with physically violent offenders. (Doc. 101 at 21.) Certainly, Petitioner has not been found guilty of a crime or violence and he has not been sentenced for one either.

In addition, Petitioner fails to show that he was incorrectly categorized in his Presentence Report as a Repeat and Dangerous Sex Offender Against Minors, the criteria of which involve only a list of covered crimes and a prior conviction for a covered crime. Those criteria were met in Petitioner's case, so there can be no question that the designation was properly applied to Petitioner by his Presentence Report. Any complaint regarding this designation could and should have been raised in Petitioner's direct appeal.

Moreover, this petition is not timely filed within the one-year limitation

7

period. 28 U.S.C. § 2255(f). Petitioner attempts to excuse his delay by utilizing the Supreme Court's retroactivity decision in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (holding that the *Johnson* decision, finding that the definition of prior "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, announced a substantive rule that applies retroactively on collateral review). However, the *Johnson* decision is simply not applicable here because Petitioner has not made a *prima facie* case that *Johnson* renders his conviction and sentence invalid.

*Johnson* invalidated the residual clause of the ACCA's definition of "violent felony." Petitioner was not sentenced pursuant to the ACCA, and therefore the *Johnson* holding is inapplicable to him today. Petitioner's attempts to analogize his Repeat and Dangerous Sex Offender designation under the Sentencing Guidelines to the violent felony definition under the ACCA is unavailing. Any argument that the Guideline designation "Repeat and Dangerous Sex Offender" did not apply to him could have been made on direct appeal. In fact, however, the designation did not have any impact on the length of

Petitioner's sentence, and the designation was plainly correct.  Because *Johnson* plainly does not apply, this petition is untimely filed past the AEDPA's one-year filing limitation.

**Conclusion**

Thus, having considered the Petitioner's Motion, the Court's file, and all the record of this case, the Court has determined that the Petitioner is not entitled to relief as to his section 2255 Motion to Vacate Sentence because it is untimely filed and plainly without merit.   Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 100) is DENIED.

A district court must issue a certificate of appealability when jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000).  Finding that Petitioner Sheldon has failed to make a substantial showing of the denial of a constitutional right and that no jurist of

reason would debate the correctness of denying Petitioner collateral relief,

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk is directed forthwith to notify Petitioner Sheldon of the entry of this order.

Done and Dated this 22nd day of July, 2016.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE